UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGINA KARIUKI,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHT HORIZONS,<br><br>Defendant. | CASE NO. 2:26-cv-02288-LK<br><br>ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on the parties' Stipulated Motion to Stay. Dkt. No. 22. The parties request that this Court stay these proceedings pending completion of their Equal Employment Opportunity Commission ("EEOC") mediation.

"On September 2, 2026, the [p]arties mutually agreed to participate in mediation through the EEOC." *Id.* at 2. The parties state that "a stay of this action and the associated pretrial deadlines will conserve the resources of the [p]arties and the Court and permit the [p]arties to focus their efforts on a potential global resolution." *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS the parties' Stipulated Motion to Stay, Dkt. No. 22, STAYS this case until January 31, 2027, and ORDERS the parties to submit a joint status report on or before that date.

Dated this 2nd day of October, 2026.

Lauren King
United States District Judge